IN THE MATTER OF NELSON G. GROSS, AN
ATTORNEY-AT-LAW.

Decided June 18, 1980.

*Eugene Gilmartin* argued the cause for the District II Ethics Committee.

*James A. Major* argued the cause for respondent.

### REPORT OF DISCIPLINARY REVIEW BOARD

### ORDER

The Disciplinary Review Board having filed a report with this Court recommending that NELSON G. GROSS of Hackensack be suspended from the practice of law for a period of three years commencing May 30, 1980, and respondent having consented thereto.

It is ORDERED that the report of the Disciplinary Review Board is hereby adopted and that NELSON G. GROSS is suspended from the practice of law for a period of three years and until the further order of this Court, effective May 30, 1980; and it is further

ORDERED that NELSON G. GROSS be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys.

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the Bergen County Ethics Committee with the New Jersey Supreme Court on March 29, 1978. The presentment was held by the Court pending the outcome of appeals by respondent from the criminal conviction which served as the basis for the presentment. By letter dated March 19, 1980, the Supreme Court referred the presentment to this Board.

The presentment concerns respondent's conviction on May 23, 1973 on five counts of a federal criminal indictment following a jury trial in United States District Court for the District of New Jersey. Respondent was convicted of conspiracy to defraud the United States by counselling, advising and procuring taxpayers to furnish false and fraudulent income tax returns; aiding and assisting in the preparation of a false and fraudulent income tax return; conspiracy to commit perjury; procuring a witness to give false information and subornation of perjury. *United States v. Gross,* 375 *F.Supp.* 971 (D.N.J.1974), *aff'd* 511 *F.*2d 910 (ed Cir.), *cert. denied,* 423 *U.S.* 924, 96 *S.Ct.* 266, 46 *L.Ed.*2d 249 (1975). The charges against respondent stemmed from fund raising activities on his part during the 1969 New Jersey gubernatorial campaign, during which time respondent served as State chairman of the Republican Party. Specifically, respondent took part in a scheme whereby a sizeable campaign contribution was accepted from a corporate donor who, in turn, received an invoice for fictitious public relations services in the amount of the contribution, thus enabling the corporation to deduct the amount as a business expense on its federal income tax returns. Subsequently, respondent counselled an executive of the corporation to provide federal investigators with false and misleading information concerning the political contribution and to similarly falsely testify before a federal grand jury. Respondent, on June 19, 1974 was sentenced to two concurrent two year prison terms and fined $10,000. On September 23, 1976, part of respondent's sentence was vacated and his period of incarceration was reduced to one year. He ultimately served a five month prison term.

Respondent was suspended from the practice of law by Order of the New Jersey Supreme Court dated January 6, 1976. Respondent had voluntarily ceased practicing in April 1973, following his indictment.

Upon a review of the full record the Board is satisfied that the conclusions of the Committee, in finding respondent to have

engaged in unethical conduct, are fully supported by clear and convincing evidence.

## CONCLUSION AND RECOMMENDATION

The respondent has been found guilty of serious violations of federal law arising out of his political fund raising activities. His conduct was designed to corrupt the processes of government and impede the administration of justice. The Board recognizes that it has a duty to protect the public not only from attorneys who act unethically during the course of their professional practices, but also from those in public positions and political life whose activities reflect adversely on their fitness to practice law.

The Board, in determining the appropriate discipline to be imposed in this matter, is cognizant that it may consider mitigating circumstances *In re Sears*, 71 *N.J.* 175 (1976). The respondent has, effectively, been unable to practice law for a period of seven years. The Board has concluded that the respondent's temporary suspension is a substantially mitigating circumstance. Therefore, though mindful of the gravity of respondent's conduct and of the necessity to foster public respect for the integrity of the administration of justice, the Board recommends that respondent be suspended from the practice of law for a period of three years, commencing May 30, 1980.

DATED: August 1, 1980

DISCIPLINARY REVIEW BOARD

By: A. Arthur Davis, 3rd

A. Arthur Davis, 3rd

Chairman